**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **Case No. 21mj231** |
| **v.** | **:** | |
| | **:** | **Hon. Robin M. Meriweather** |
| **RAECHEL GENCO,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**UNOPPOSED MOTION FOR PROTECTIVE ORDER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court to issue a protective order governing information related to a summary letter, an investigative report, and its attachments involving a contractor (Contractor A). These documents contain personal information pertaining to an employee (Contractor A) at the United States Attorney's Office. The Government is requesting a protective order for these materials in many criminal cases throughout District Court and Superior Court and producing these materials, although the incident they involve occurred in a different case. The United States has consulted with defense counsel about the protective order. Defense counsel does not object to its entry.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney

By: _____/s/_____

April N. Russo
Assistant United States Attorney
PA Bar No. 313475
555 Fourth Street, N.W.
Washington, D.C. 20530
202-252-1717
April.russo@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **Case No. 21mj231** |
| **v.** | **:** | |
| | **:** | **Hon. Robin M. Meriweather** |
| **RAECHEL GENCO,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**PROTECTIVE ORDER**

Pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1), it is hereby **ORDERED**:

1.  **Materials Subject to this Order.**  Except as provided herein, this protective order ("Order") governs information related to a summary letter, an investigative report, and its attachments disclosed by the government at any stage of this case (hereinafter "Investigation Materials").

2.  **Legal Defense Team.**  The "legal defense team" includes defense counsel (defined as counsel of record in this case, including any post-conviction or appellate counsel) and any attorneys, investigators, paralegals, support staff, and expert witnesses who are advising or assisting defense counsel in connection with this case.  The legal defense team shall not include the defendant or the defendant's family members, friends, or associates.

3.  **Limitations on Dissemination.**  Except as otherwise permitted by this Order, the legal defense team shall not disseminate Investigation Materials directly or through any person or instrumentality to any person, entity, or public forum, other than members of the legal defense team.

4.  **Limitations on Use.**  Subject to the limitations contained in this Order and without further order of the Court, the defendant and the legal defense team may use Investigation

Materials in connection with this case, including and any post-conviction or appellate litigation. The legal defense team may discuss Investigation Materials with, and defense counsel may authorize the viewing of Investigation Materials by: (A) the defendant; and (B) other persons to whom this Court may authorize (hereinafter "court-authorized persons"). The legal defense team and the Government will not file publicly any portion of the Investigation Materials and will not summarize the materials in any public filing or use the names of the individuals in any public filing.

5.      **Limitations on Reproduction.**  Subject to the limitations contained in this Order, the legal defense team may physically or electronically reproduce Investigation Materials as deemed necessary by defense counsel for use in connection with this case.  Any reproductions of Investigation Materials authorized by defense counsel shall be treated in the same manner as the original Investigation Materials.

6.      **Notifications Regarding this Order.**  Defense counsel must provide members of the legal defense team, the defendant, and any other court-authorized person, with a copy of this Order before providing them with access to, or permitting them to view, Investigation Materials.

7.      **Disposition Following the Conclusion of this Criminal Case.**  Defense counsel may retain a copy of the Investigation Materials following the conclusion of this case.  This Order shall remain in effect after the conclusion of this case and shall continue to govern the dissemination, use, reproduction, storage, and retention of Investigation Materials disclosed in this case. Nothing in this Order prevents the government from seeking a court order requiring that the Investigation Materials be returned or to further restrict the retention of Investigation Materials, and nothing in this Order prevents defense counsel from seeking a court order allowing broader retention of the Investigation Materials.

2

8.      **Scope of this Order.**  This Order does not prevent any party from objecting to the

discovery or admission of Investigation Materials that it otherwise believes to be improper.  This

Order also does not constitute a ruling on: (A) any potential objection to the discoverability or

admissibility of Investigation Materials; or (B) whether any particular Investigation Materials is

properly discoverable or admissible.  This Order is not intended to limit the use of Investigation

Materials in any judicial proceedings in this case.

9.      **Modification of this Order.**  Consent to this Order does not constitute a waiver or

otherwise prevent any party from seeking modification of this Order.

      **SO ORDERED** this _____ day of _____, 2021.


                                        _____
                                        HONORABLE ROBIN M. MERIWEATHER
                                        United States Magistrate Court Judge

3