UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*Plaintiff* | §<br>§<br>§<br>§ | |
| vs. | §<br>§<br>§ | CRIMINAL NO. 21-mj-000231 |
| RAECHEL GENCO<br>*Defendant* | §<br>§ | |

## MOTION FOR DISCOVERY AND INSPECTION OF EVIDENCE

COMES NOW the Defendant, RAECHEL GENCO, by and through her undersigned counsel of record, and moves this Honorable Court pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 404(b), F.R.E., the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the Sixth Amendment of the United States Constitution, to order the government to produce for inspection and copying, certain material which the Defendant believes is in the possession of the government or its agents or which through due diligence would become known from the investigating officers, witnesses or persons having knowledge of the events giving rise to this cause:

I.

Defendant was charged in a single count criminal complaint on February 22, 2021, under 18 U.S.C. §1752(a) and (2), knowingly entering or remaining in any restricted building or grounds without lawful authority. Review of the docket indicates that Defendant was appointed legal counsel on March 1, 2021, a notice of appearance for new legal counsel was filed on September 13, 2021, and the undersigned, present legal counsel was granted leave to appear *pro*

*hac vice* on January 7, 2022, and a Notice of Appearance in the case was filed on January 17, 2022. A review of the docket indicates that there has been no written requests for discovery in this case.

The undersigned legal counsel requested access to the USAfx system files related specifically to this Defendant and was granted access to some files by the Assistant U.S. Attorney's office. Further, the undersigned counsel was provided a copy of a letter to prior legal counsel, dated December 23, 2021, that contains a list of files available on the USAfx system. The list indicates there is a sub-file for this Defendant. That sub-file did not appear in the file box provided last week. Further, most video/audio content is unable to be accessed. On Sunday, February 13, 2022, the undersigned legal counsel was given access to additional USAfx files by the U.S. Attorney's offices. Those files contain lists of documents, not the actual document, and are general in nature.

This written motion is presented to preserve and advance the rights of the Defendant in this case.

II.

The Defendant moves the court to order the government to produce for inspection, copying, photographing or reproduction, the following material:

1. Any and all written or recorded statements made by or purported to have been made by the Defendant Raechel Genco, within the possession, custody or control of the government or any agent thereof, including but not limited to any and all tape recordings of any conversations to which the Defendant was a party and any and all documents, instruments or forms of any kind signed or purported to have been signed by the Defendant herein. Fed. R. Crim. P. 16(a)(1)(B).

2. Any and all oral statements, confessions or admissions purported to have been made by the Defendant and any written summary, report or transcription thereof made by any government agent or law enforcement officer, or copy thereof, within the possession, custody or control of the government or any agent thereof. This request includes, but is not limited to, statements made to witnesses other than law enforcement officers or government agents and the precise words attributed to the Defendant which caused any government agent to conclude that the Defendant was a coconspirator with any other Defendant in this cause. Fed. R. Crim. P. 16(a) (1) (A)

3. Any and all statements of any co-defendants or co- conspirators, whether written or oral, or subsequently reduced to writing or summarized in any law enforcement agents' reports or copies thereof, including but not limited to any such statements which the government alleges are admissible statements of a co-conspirator or co-defendant made during the transactions subject of this cause and in furtherance of any alleged conspiracy or agreement. Fed. R. Evid. 801(d)(2)(E), Fed. R. Crim. P. 16(a)(1)(A).

4. A copy of any and all of the Defendant's prior criminal records. Fed. R. Crim. P. 16(a)(1)(D).

5. Any and all instruments, documents or other tangible objects which were obtained from or are alleged to belong to or were made of or by the Defendant or any co-defendants, unindicted co-conspirators or informants. Fed. R. Crim. P. 16(a)(1)(E).

6. All other instruments, documents, writings, papers, books, tape recordings,

transcripts or other tangible objects the government plans to offer into evidence in this case, or which are material to the preparation of the defense. Fed. R. Crim. P. 16(a)(1)(E).

This request includes, but is not limited to the following:

a. Evidence concerning planning to unlawfully enter the U.S. Capitol, including any maps or diagrams of the building or its internal offices;

b. Evidence concerning unlawful entry into the U.S. Capitol, including any property of the U.S. Capitol;

c. Evidence concerning awareness of this Defendant of the official proceeding that was to take place at Congress on January 6, 2021, i.e., the certification process of the 2020 Presidential Election;

d. Evidence concerning efforts of this Defendant to disrupt the official proceeding that was to take place at Congress on January 6, 2021, i.e., the certification process of the 2020 Presidential Election;

e. Evidence relating to Defendant's involvement a conspiracy to illegally enter and/or occupy the U.S. Capitol Building on or about January 6, 2021;

f. Evidence concerning this Defendant of the breach and unlawful entry of the United States Capitol, and any conspiracy or plan to do so, on January 6, 2021;

g. Evidence concerning this Defendant's actions related to the riot and/or civil disorder at the United States Capitol on January 6, 2021;

h. Evidence concerning this Defendant's actions related to the assaults of

federal officers/agents and efforts to impede such federal officers/agents in the performance of their duties the United States Capitol on January 6, 2021;

i. Evidence, related to this Defendant, of any conspiracy, planning, or preparation to commit those offenses;

j. Evidence concerning this Defendant's efforts after the fact to conceal evidence of those offenses, or to flee prosecution for the same;

k. Evidence of communication devices related to this Defendant, including closed circuit radios or walkie-talkies, that could have been used by co-conspirators to communicate during the unlawful entry into the U.S. Capitol;

l. Evidence of the state of mind of this Defendant, e.g., intent, absence of mistake, or evidence indicating preparation or planning, or knowledge and experience, related to the criminal activity as charged in the information;

m. Evidence concerning the identity of persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with the unlawful actors about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts.

This request includes, but is not limited to, records and information that constitute evidence of the Subject's possible affiliation with the Proud Boys or other groups that are identified by the United States Department of Homeland

Case 1:22-cr-00062-JMC   Document 52   Filed 02/28/22   Page 6 of 10

      Security or Federal Bureau of Investigation as "domestic terrorist groups".

7. Any and all books, papers, documents instruments, tape recordings, transcripts, or other tangible objects upon which the government relied in returning the indictment against the Defendant. Fed. R. Crim. P. 16(a)(1)(E).

8. Any and all names, addresses and telephone numbers of individual witnesses whom the government intends to call as witnesses at trial, either in its case in chief or as rebuttal witnesses herein, including any witness who could testify to any extrinsic act, conduct or offense of any Defendant. <u>United States v. Opager.</u> 589 F.2d 799 (5th Cir. 1979); Rule 404(b), F.R.E.

9. Any and all names and addresses of persons who have knowledge pertaining to this case or who have been interviewed by the government or their agents in connection with this case. <u>United States v. Opager,</u> 589 F.2d 799 (5th Cir. 1979).

10. Any and all FBI, State, and local arrest and conviction records of all persons referred to in paragraphs 8 and 9 whom the government plans to call as witnesses or who are listed as possible witnesses in this cause. Fed. R. Crim. P. 16(a)(1)(C).

11. Written statements of all persons in paragraph 8 and 9 whom the government does not plan to call as witnesses. . Fed. R. Crim. P. 16(a)(1)(E)(i).

12. The name and address of each government agent, law enforcement agent or other person who participated in the arrest of the Defendant, who was present while the Defendant was being questioned or interrogated and/or made any statements or participated in the search of the Defendant's residence and/or vehicle. U.S. Const. amends. V, VI and XIV, Fed. R. Crim. P. 12(h) and 26.2.

13. The transcript of testimony of any and all persons who testified before the Grand jury in this cause, including but not limited to the precise nature of any statements attributed to this Defendant or any co-defendant or co-conspirator, whether indicted or not. Fed. R. Crim. P. 6(e)(3)(E)(i), 16(a)(1)(A) and 26.2.

14. Any and all documents, instruments, forms or statements of any kind signed or purported to have been signed by any co-defendant in this cause.  Fed. R. Crim. P. 16(a)(1)(E).

15. The name, address and telephone number of any informant or other person who gave information leading to the investigation of the Defendant(s) in this cause or which led to the identification of witnesses, evidence or the arrest of any Defendant in this cause or who was present at, participated in or was a witness to any transaction the subject of this indictment.  U.S. Const. amends. V, VI and XIV; Roviaro v. United States, 353 U.S. 53 (1957).

16. Any and all handwriting exemplars, tests, fingerprint impressions or other physical evidence, or test results, obtained by the government relating to this case whether they are of the Defendant, Raechel Genco, or were of another defendant, a co-conspirator, witness or of some other person or persons known or unknown; and any and all comparisons or written reports of tests, analysis or other examinations conducted regarding the foregoing by the government or any of its agents or under its direction.  Fed. R. Crim. P. 16(a)(1)(F).

17. Any and all photographs, film, audio tapes and video tapes and any written transcriptions thereof, of the Defendant, or any co-defendants or coconspirators, whether indicted or not, that relate to any of the offenses charged in this

indictment.  Fed. R. Crim. P. 16(a)(1)(B); U. S. Const. amends. V, VI and XIV.

18. The name and address of each witness who will be called by the Government, including any witness who could testify to extrinsic offenses, whether or not resulting in a criminal charge or conviction which the prosecution plans to use in rebuttal or to establish motive, system, intent or identify.  Fifth and Sixth Amendments, United States Constitution.

19. A list of all overt or extrinsic acts not alleged in the indictment which the Government expects to introduce into evidence.  Rule 404(b), F.R.E.

20. A description in writing of each extrinsic offense, act or conduct of the Defendant or any co-defendant or co-conspirator, including the date and place of such offense, act or conduct, which the Government intends to introduce into evidence. Rule 404(b), F.R.E.

21. Any and all materials known to the government or which may become known, or which through due diligence may be learned from the investigating officers or the witnesses or persons having personal knowledge of this case, which is exculpatory in nature or favorable to the accused, or which may lead to exculpatory or favorable material or which might serve to mitigate punishment, including any evidence impeaching or contradicting testimony of government witnesses or the instructions to government witnesses not to speak with or discuss the facts of this cause with defense counsel.  U. S. Const. amends. V, VI and XIV.

22. The substance of any and all statements and discussions had with any of the co-defendants or co-conspirators herein, whether indicted or unindicted, or with any such person's counsel indicating a promise or a suggestion of immunity, leniency,

      compensation, assurance not to prosecute, agreement to proceed only on certain counts of the indictment, representation as to yet uncharged misconduct, or any benefit accruing to such individuals whatsoever in exchange for their cooperation, assistance or testimony at the trial herein. U. S. Const. amends. V, VI and XIV.

23. All search and arrest warrants and supporting affidavits issued for or regarding any Defendant in this cause and in regard to any evidence or property seized or searched in regard to the investigation that gave rise to the indictment. Fed. R. Crim. P. 16(a)(1)(E).

24. All search and arrest warrants and supporting affidavits issued for or regarding any Defendant in this cause and in regard to any evidence or property seized or searched in regard to the investigation that gave rise to the indictment. Fed. R. Crim. P. 16(a)(1)(E).

II.

In support of this motion, the Defendant would show the Court as follows:

1. The items requested are in the exclusive possession, custody and control of the government by and through its agents, law enforcement officers or the prosecuting attorney's office, the existence of which is known or may become known with diligence, and the Defendant has no other means of ascertaining the disclosures requested.

2. The items requested are not privileged.

3. The items and information are material to this cause on the issues of guilt or innocence and punishment to be determined.

4. The Defendant cannot safely go to trial without such information and inspection, nor can the Defendant adequately prepare the defense to the charges against her.

5. That absent such discovery, the Defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution will be violated to

her irreparable injury and thus deprive the Defendant of a fair trial herein.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court will grant in all things the Defendant's Motion For Discovery and Inspection of Evidence, or in the alternative, that this Court will set the matter down for a hearing prior to trial on the merits, and that at such hearing, this motion will be in all things granted.

Respectfully Submitted,

/s/ *Barbara W. Palmer*
Barbara W. Palmer
Attorney at Law
TX Bar No. 15424395
P.O. Box 1386
Princeton, TX 75407
Tel. No. (214) 734-1861
Email: bpalmer.txag@gmail.com

ATTORNEY FOR RAECHEL GENCO

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of February 2022, a copy of the foregoing Notice of Appearance, was delivered to case registered parties by the CM/ECF court system.

/s/ *Barbara W. Palmer*
Barbara W. Palmer