UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>    v.<br><br>**RAECHEL GENCO,**<br><br>    Defendant. | **Case No. 22-00062-CR-JMC**<br><br>**Magistrate No. 21-MJ-231** |

**GOVERNMENT'S RESPONSE TO DEFENDANT RAECHEL GENCO'S
FIRST MOTION FOR DISCOVERY AND INSPECTION OF EVIDENCE**

The United States Attorney, by and through its Attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the defendant's Motion for Discovery and Inspection, ECF No. 49. The motion, which is premature, lacks content required by the Local Rules of the United States District Court for the District of Columbia; moreover, the United States received notice that defense counsel has filed a corrected version of the motion. Accordingly, as explained below, this Court should deny the original motion, which has not been withdrawn and which requires a response by today's date, either as moot or pursuant to Local Rule 16.

PROCEDURAL BACKGROUND

The defendant's initial appearance before this Court occurred on February 26, 2021. On June 24, this Court granted an unopposed motion, ECF No. 21, for a protective order regulating discovery, ECF No. 23. Since the issuance of the protective order, the United States has been voluntarily providing discovery to the defendant. On February 14, 2022, the defendant filed the above-captioned motion. As of this writing, the defendant has not been arraigned.

ANALYSIS

The defendant's motion calls for a broad range of discovery materials, including disclosures that appear to exceed the scope of Fed.R.Crim.P. 16 and other authorities. The motion is subject, however, to the provisions of this Court's Local Rule 16.1, which provides, in pertinent part, that:

> No discovery motion shall be heard unless it states that defense counsel has previously requested . . . the information sought from the attorney for the United States and that such attorney has not complied with the request.

LCrR 16.1. The defendant's motion, ECF No. 49, does not contain the required statement.[1] Moreover, it appears that immediately prior to the filing of the instant response, the defendant filed a corrected version of that motion, which newly assigned counsel has not yet had an opportunity to review. It does not appear that the original motion, ECF 49, has been withdrawn. For reasons of judicial economy, the United States submits that this Court and the parties are best served if any response on the merits, if necessary, to defense discovery demands is filed in response to the corrected motion, ECF No. 52. Unless otherwise instructed by this Court, the United States will file its response on the merits to the corrected discovery motion within 14 days.

Accordingly, the discovery motion docketed as ECF 49 should be denied as moot in light of the corrected motion, or alternatively, for failing to comply with the requirements of Local Rule 16.1.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

---

[1] *See also* LCrR 5.1, Disclosure of Information, which provides that the government's obligation to produce information within the scope of *Brady v. Maryland,* 373 U.S. 83, 87 (1963) and other exculpatory or impeaching information does not begin until the defendant's arraignment.

/s/ *Karen Rochlin*
KAREN ROCHLIN
DC Bar No. 394447
Assistant U. S. Attorney Detailee
U.S. Attorney's Office
Southern District of Florida
99 N.E. 4th Street
Miami, Florida  33132
(786) 972-9045
Karen.Rochlin@usdoj.gov